Ledeoux v Stewart

2026 NY Slip Op 03154

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jacqueline Ledeoux, et al., appellants,

v

Lauren Stewart, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2025-03950, (Index No. 630919/24)

Cheryl E. Chambers, J.P.

Paul Wooten

Lourdes M. Ventura

Elena Goldberg Velazquez, JJ.

Rothstein Law PLLC, New York, NY (Eric E. Rothstein of counsel), for appellants.

Letitia James, Attorney General, New York, NY (Ester Murdukhayeva, Anagha Sundararajan, and Danny Li of counsel), for respondents.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul M. Hensley, J.), dated April 1, 2025. The order granted the motion of the defendants Lauren Stewart, Sabine Sterlin, and Amy G. Kretz pursuant to CPLR 3211(a)(2) to dismiss the complaint insofar as asserted against them.

ORDERED that the order is affirmed, with costs.

In December 2024, the plaintiffs commenced this action against certain employees of Stony Brook University Hospital (hereinafter the hospital) to recover damages for mental anguish and emotional distress relating to the disposition of fetal remains. The complaint alleged that each of the defendants was employed by the State of New York and the hospital and was acting within the scope of his or her employment at all relevant times. The complaint asserted three causes of action: (1) to recover damages for violation of the common-law right of sepulcher against the defendant Amy G. Kretz, among others, (2) to recover damages for common-law negligence against the defendant Lauren Stewart, among others, and (3) to recover damages for negligent infliction of emotional distress against Kretz, Stewart, and the defendant Sabine Sterlin, among others.

Stewart, Sterlin, and Kretz (hereinafter collectively the defendants) moved pursuant to CPLR 3211(a)(2) to dismiss the complaint insofar as asserted against them on the ground that the Court of Claims has exclusive jurisdiction to hear this action because the plaintiffs' claims are predicated upon the defendants' actions in their official capacities and in the course of their duties as employees of a State agency. The Supreme Court granted the motion, and the plaintiffs appeal.

The "Supreme Court cannot exercise jurisdiction over claims for money damages brought against the State, which must be initiated and tried in the Court of Claims" (People v Correa, 15 NY3d 213, 227-228; see NY Const, art VI, § 9; Artibee v Home Place Corp., 28 NY3d 739, 746). "The Court of Claims has limited jurisdiction to hear actions against the State itself, or actions naming State agencies or officials as defendants, where the action is, in reality, one against the State—i.e., where the State is the real party in interest" (Morell v Balasubramanian, 70 NY2d 297, 300).

"A suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in his or her official role and involves rights asserted, not against the officer individually, but solely against the State" (id. at 301). "Where, however, the suit against the State agent or officer is in tort for damages arising from the breach of a duty owed individually by such agent or officer directly to the injured party, the State is not the real party in interest—even though it could be held secondarily liable for the tortious acts under respondeat superior" (id.).

Here, the causes of action rest on actions performed by the defendants in their official capacities as employees of the hospital, and the complaint failed to sufficiently allege the breach of duties owed directly to the plaintiffs by the defendants in their personal capacity (see Borawski v Abulafia, 117 AD3d 662, 664; Drought v New York State Psychiatric Inst., 206 AD2d 500, 501). Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a)(2) to dismiss the complaint insofar as asserted against them (see Borawski v Abulafia, 117 AD3d at 664; Drought v New York State Psychiatric Inst., 206 AD2d at 501).

CHAMBERS, J.P., WOOTEN, VENTURA and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court